ANDREW C. ENOCHS *v.* CHARLES B. PAXTON.

[40 South. Rep., 14.]

1. BROKERS.   *Real-estate agents.*   *Commissions.*   *Abandonment of employment.*

   In an action by a real-estate broker for commissions, the plaintiff:

   (*a*) Is entitled to recover, if he brought his principal and the purchaser into negotiations resulting in the sale of the land; but

   (*b*) Is not entitled to recover if, failing to sell the property himself, he directed a prospective purchaser to trade with the owner, who made sale, relying on the broker's abandonment of his employment.

2. SAME.   *Instructions.*

   An instruction, requested in such case by defendant, to the effect that the plaintiff could not recover if defendant would not have sold the property had he known he would have to pay commissions, was properly refused.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Paxton, the appellee, was plaintiff in the court below; Enochs, the appellant, was defendant there.   From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The court below gave the following instruction for the plaintiff:

"(1) The jury are instructed, on behalf of the plaintiff, that if they believe from the evidence that the trade made to Dinkins by Enochs resulted from the bringing together of these parties by the plaintiff, Paxton, the plaintiff is entitled to recover from defendant the reasonable value of his services in connection with such sale, and they will find a verdict accordingly, awarding plaintiff such sum as they believe, from the evidence, his said services were reasonably worth, unless they further believe, from the evidence, that, prior to said sale, plaintiff had aban-

doned his connection therewith, or had made statements which might reasonably lead defendant to believe he had so abandoned his connection therewith."

The court gave the following instructions for the defendant, but modified one of them, the modification being indicated by italics:

"(2) The burden of proof is upon the plaintiff to prove and show to the satisfaction of the jury, by a preponderance of all the evidence, that the defendant agreed to give him two hundred dollars to sell his residence for him, and that he did sell it, *or render services which enabled defendant himself to sell it;* and, unless he has proven these facts to the satisfaction of the jury, by a preponderance of all the evidence, the jury must find for the defendant. . . .

"(7) If the jury believe, from the evidence, that the defendant put his property in the hands of the plaintiff for sale at $4,500 net to defendant, and that the plaintiff tried to sell it at that price, but could not, and that he (plaintiff) told Dinkins to go in and trade with defendant, who, relying on this statement, then sold the lot to Dinkins, excluding four feet off the west side thereof, for $4,000, the jury will find for the defendant."

The court refused the following instructions asked by the defendant:

"(3) If the jury believe, from the evidence, that the plaintiff did not sell defendant's property, but that the defendant sold it himself, then the jury will find for the defendant. . . .

"(5) If the jury believe, from the evidence, that the defendant authorized the plaintiff to sell his house and lot for $4,500 net to defendant, and that plaintiff tried to sell it, but could not, and that afterwards the defendant sold the property himself for $4,000, by excluding a strip four feet wide from the west side of the lot, then the jury will find for the defendant.

"(6) If the jury believe, from the evidence, that the defendant would not have sold his lot for $4,000, excluding the strip

four feet wide off the west side of the lot, if he had known that he had to pay plaintiff a commission on the sale, they will find for the defendant."

*Dabney & McCabe,* for appellant.

There was no agreement to pay plaintiff something for trying to sell the land, and it follows that if he did not sell it according to the terms of his principal, he was not entitled to anything; and that he did not sell it he himself admits. It was, therefore, error on the part of the court to tell the jury that they might find for the plaintiff what they thought Paxton's services were reasonably worth if they believed, from the evidence, that the sale had resulted from his bringing Dinkins and Enochs together. There was no such agreement between the parties, and the court and the jury had no right to make one for them.

The defendant had a perfect right, in putting his property into the hands of a real-estate agent, to fix the net price; and to say to him that he did so does not require him, if he afterwards concluded to change his mind, to give that particular agent an opportunity of selling it at the reduced price. In other words, he had a perfect right to tell Paxton that if he could sell the property he might have all he could get over and above $4,500; and if Paxton could not sell at that price, then it was not incumbent upon defendant, either in law or in morals, if he chose to sell it for less, to give Paxton the benefit of selling it at the reduced price, nor was it incumbent upon defendant to contract with Paxton any further at all in regard to a sale of the property.

The defendant testified that he never would have sold his property at $4,000 had he known that he was liable for commissions to Paxton, nor is he to blame in any way for not knowing that Paxton claimed commissions, because, when Dinkins came and wanted to purchase, defendant told him plainly that he would have nothing to do with him as long as he was Paxton's client, or in Paxton's hands, and Dinkins assured him that he was not going to buy from Paxton.

*Bryson & Dabney,* for appellee.

The courts have held with practical unanimity that where the agent or broker is the procuring cause of the sale, or it occurred as the result of his efforts, he is entitled to his commissions. *Hill* v. *Jebb,* 55 Ark., 574; *Dolan* v. *Scanlan,* 57 Cal., 261; *Lawrence* v. *Whir,* 3 Colo. App., 401; *Hallack* v. *Hinckley,* 19 Colo. App., 38; *Hungerford* v. *Hicks,* 39 Conn., 259; *Odell* v. *Dozier,* 104 Ga., 203; *Baumgartle* v. *Hoyne,* 54 Ill. App., 496; *Plant* v. *Thompson,* 42 Kan., 664; *Kenner* v. *Harrod,* 2 Md., 63 (56 Am. Dec., 706); *Tinges* v. *Moale,* 25 Md., 480 (90 Am. Dec., 73); *Ranson* v. *Weston,* 110 Mich., 240; *Francis* v. *Baker,* 45 Minn., 83; *Crevier* v. *Stephen,* 40 Minn., 288; *Crowley* v. *Somerville,* 70 Mo. App., 376; *Timberman* v. *Craddock,* 70 Mo., 638; *Wetzell* v. *Wagoner,* 41 Mo. App., 509; *Brennan* v. *Roach,* 47 Mo. App., 290; *Woods* v. *Stephens,* 46 Mo., 555; *Hambleton* v. *Fort,* 78 N. W. Rep., 498; *Hobbs* v. *Edgar,* 22 Misc., 510; *Myers* v. *Dean,* 9 Misc., 183; *Markus* v. *Keneally,* 19 Misc., 517; *Randrup* v. *Schroder,* 21 Misc., 52; *Carroll* v. *Pettit,* 67 Hun., 418; *Lloyd* v. *Matthews,* 51 N. Y., 124; *Lyon* v. *Mitchell,* 36 N. Y., 235; *Sibbald* v. *Bank,* 61 N. Y., 415; *Hamilton* v. *Gillender,* 26 App. Div., 156; *McKnight* v. *Thayer,* 48 N. Y., 620; *Royster* v. *Mageveny,* 9 Lea, 148; *Graves* v. *Bains,* 78 Tex., 92; *Henderson* v. *Vincent,* 84 Ala., 99; *Birmingham Land & Loan Co.* v. *Thompson,* 86 Ala., 146; *Sayre* v. *Wilson,* 86 Ala., 151; *Pratt* v. *Johr,* 9 Ind. App., 58; *Gleason* v. *Nelson,* 162 Mass., 245; *Sussdorf* v. *Schmidt,* 55 N. Y., 319; *Satterthwaite* v. *Vreeland,* 3 Hun., 152; *Earp* v. *Cummins,* 54 Pa., 394 (93 Am. Dec., 718); *Brooks* v. *Leathers,* 112 Mich., 463; *Sievers* v. *Griffin,* 14 Ill. App., 63; *Hafner* v. *Herron,* 165 Ill., 242, affirming 60 Ill. App., 592; *Butler* v. *Kennard,* 23 Neb., 357; *Gemunder* v. *Hauser,* 6 Misc., 210; *Levy* v. *Coogan,* 16 Daly, 137; *King* v. *Bauer,* 29 N. Y., 414; *Condict* v. *Cowdrey,* 46 N. Y., 398; *Leonard* v. *Roberts,* 20 Colo., 88.

And in a number of cases it is even held that where the sale

is effected through the information derived from the agent, he is entitled to his commissions. *Lapsley* v. *Holridge,* 71 Ill. App., 652; *Hafner* v. *Herron, supra; Sussdorf* v. *Schmidt, supra; Stewart* v. *Mather,* 32 Wis., 344; *Lincoln* v. *McClatchie,* 36 Conn., 136.

Or, when the sale is effected with the purchaser whose name is disclosed by the agent. *Anderson* v. *Smith,* 1 Colo. App., 253; *Beale* v. *Creswell,* 3 Md., 196; *Wilkinson* v. *Martin,* 8 Car. & P., 1; *Howe* v. *Werner,* 7 Colo. App., 530; *Scott* v. *Patterson,* 53 Ark., 49; *Lloyd* v. *Matthews,* 51 N. Y., 124; *Beauchamp* v. *Higgins,* 20 Mo. App., 514; *Millan* v. *Porter,* 31 Mo. App., 563; *Henderson* v. *Mace,* 64 Mo. App., 393; *Campbell* v. *Vanstonë,* 73 Mo. App., 84.

And the agent's inducement of the purchaser to apply to the principal, if shown affirmatively, was held to be the procuring cause in the following cases: *Brooks* v. *Leathers, supra; Leonard* v. *Roberts, supra; Smith* v. *McGovern,* 65 N. Y., 574; *Shipman* v. *French,* 1 N. Y. Supp., 68; *Holley* v. *Townsend,* 2 Hilt., 34; *Hafner* v. *Herron, supra.*

It has also been held that the agent who first brings the property to the notice of a person who ultimately becomes the purchaser is entitled to his commissions as the procuring cause of the sale. *Plant* v. *Thompson, supra; Arrington* v. *Cary,* 5 Bax., 609; *Heffner* v. *Chambers,* 121 Pa., 84; *Hoadley* v. *Savings Bank,* 71 Conn., 599.

The fact that the sale was actually made by the principal does not affect the agent's rights to commissions, even though it was upon different terms than those given to the agent. *Adams* v. *Decker,* 34 Ill. App., 17; *Gilder* v. *Davis,* 137 N. Y., 504; *Plant* v. *Thompson, supra; Bryan* v. *Abert,* 3 App. Cas., 180; *Corbel* v. *Beard,* 92 Iowa, 360; *Wood* v. *Wells,* 103 Mich., 320; *Henderson* v. *Mace, supra.*

And this is true where the sale is made at a less sum than that for which the broker was authorized to sell. *Smith* v. *Anderson,*

2 Idaho, 495; *Plant* v. *Thompson, supra; Ralts* v. *Shepherd,* 37 Kan., 20; *Levy* v. *Coogan,* 16 Daly (N. Y.), 137; *Martin* v. *Silliman,* 53 N. Y., 615.

And where there is a definite contract as to the amount of the fee that the broker is to receive, if the sale is effected on a different basis he can recover on a *quantum meruit.* *Gregg* v. *Loomis,* 22 Neb., 174; *Rees* v. *Spruance,* 45 Ill., 308.

And in a case where the purchaser introduced by the broker hesitated to buy upon the original terms named by the principal, but subsequently negotiated a sale with the principal upon virtually the same terms, the broker's claim was allowed upon the same ground—that the sale was the fruit of his labor. *Ames* v. *McNally,* 6 Misc., 93.

Again, the broker's claim was allowed in a case where the principal accepted substantially the same offer, upon terms more favorable to the purchaser, even though the sale was finally consummated by another broker. *Wood* v. *Wells, supra.*

And where the broker showed the principal's property to the purchaser, introduced him to the principal, and, by his direction, offered the purchaser the property at a price named, and subsequently the principal met the purchaser and modified the proposition which he had made through the broker, so as to make it acceptable to the purchaser, the broker was held entitled to recover. *Wetzell* v. *Wagoner, supra.*

The mere fact of a misunderstanding between the broker and the purchaser as to the amount of the latter's offer for the property, which offer the broker reported to his principal as larger than was really made, is immaterial where the minds of the principal and the purchaser meet in the agreement for the sale of the land for the less sum as a result of the negotiations entered into by the broker on behalf of the principal. *Peckham* v. *Ashhurt,* 18 R. I., 376.

So the broker is entitled to recover for finding a purchaser, although the party he finds objects to the price, and the principal

refuses to reduce it, if the principal does not terminate the agency, but afterwards himself negotiates with the purchaser for a smaller sum, stating that as long as they were doing the business between themselves he would not have to pay any commissions. *Dalley* v. *Young,* 37 N. Y., 903.

CALHOON, J., delivered the opinion of the court.

Paxton, the appellee, a real-estate broker, sued appellant, Enochs, in the proper court for two hundred dollars for commissions on a lot sold by Enochs to Dinkins. The record from the circuit court shows conflict of evidence on every material point, beginning about the agreement as to commissions to the broker for effecting the sale, as to which, on the last understanding, Paxton says he was to get two hundred dollars if he sold for $5,000, while Enochs' recollection is that he was to have all he could get over $4,500. But this and all other matters of fact went to the jury, who gave a verdict for Paxton for one hundred dollars as the value they placed on his services. The sale was, in fact, made by Enochs to Dinkins, but it was made for $4,000, with a reservation of a four-foot strip off the side of the lot. There is evidence to show that Paxton was the procuring cause of the sale, and brought the parties together for negotiation, which so resulted. This was contradicted, of course, and determined by the jury, and the court below had this feature and conflict in mind in acting on the instructions, and accordingly properly granted the only instruction asked for plaintiff, and gave also the seventh instruction for defendant, whose second instruction was correctly modified by inserting the words, "or render services which enabled defendant himself to sell it." On the same correct view the court refused defendant's third and fifth and sixth instructions, which point on the actual sale by Enochs. The refusal of defendant's peremptory charge was clearly correct. The jury found that plaintiff's services were reasonably worth one hundred dollars, and we cannot disturb their finding.

*Affirmed.*